## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **TERRY A. HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-cv-295** |
| | ) | **(Phillips/Shirley)** |
| **STRYKER CORPORATION and** | ) | |
| **STRYKER SALES CORPORATION,** | ) | **(Consolidated for Discovery)** |
| | ) | **No. 3:08-cv-406** |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Consolidate [Doc. 43 in Case No. 3:08-cv-295]. Plaintiff moves to consolidate this action with Case No. 3:08-cv-406, styled *Brostean v. Stryker Corporation, et al*. These cases were previously consolidated for discovery purposes. [Doc. 53 in Case No. 3:08-cv-406].

Rule 42 of the Federal Rules of Civil Procedure provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether actions involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court...." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors[,] including the risk of inconsistent adjudications of common factual and legal issues, the burden on parties [and] witnesses[,] and available judicial resources." *Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461, 1994 WL 47781

1

(6th Cir. Feb. 15, 1994) (quotation removed).

The Court finds that consolidation is not appropriate. The Court previously considered this issue at an early stage in Case No. 3:08-cv-406. On December 23, 2008, Randi Brostean (the plaintiff in Case No. 3:08-cv-406) filed a Motion to Consolidate. [Doc. 43 in Case No. 3:08-cv-406]. In the previous Motion to Consolidate, Ms. Brostean argued that consolidation was appropriate due to the commonality of the Stryker defendants and issues of fact. [*Id*.]. Specifically, Ms. Brostean stated that both she and Terry Hill (the plaintiff in Case No. 3:08-cv-295] received surgery on a shoulder, both received a Stryker-manufactured pain pump in their shoulder, and both now suffer from chondrolysis. [*Id*.]. Defendants responded, arguing that consolidation was inappropriate because there were significant factual differences. [Doc. 44 in Case No. 3:08-cv-406]. In particular, defendants argued that these factual differences would confuse the jury. [*Id*.]. Defendants argued that the jury would be confused because the surgeries occurred on different dates, the plaintiffs have different medical histories, different pain pumps were used during the surgeries, and the pumps administered different anesthetic medications. [*Id*.]. The Court agreed with the defendants, deciding to consolidate the cases for discovery purposes only. [Doc. 53 in Case No. 3:08-cv-406].

The current Motion to Consolidate [Doc. 43 in Case No. 3:08-cv-295] raises the same arguments that were previously rejected by the Court. [Doc. 53 in 3:08-cv-406]. In fact, the motions to consolidate are nearly identical. Accordingly, plaintiff Terry Hill's Motion to Consolidate [Doc. 43 in Case No. 3:08-cv-295] is denied for the same reasons that the Court denied plaintiff Randi Brostean's Motion to Consolidate [Doc. 43 in Case No. 3:08-cv-406]. As the Court previously stated, "Given the varying factual circumstances between the two cases, specifically the

additional pain pump received by Ms. Brostean and the differences, potentially great, between the plaintiffs' medical histories, diagnoses, and treatment, the court finds that consolidation for trial is not appropriate. The risk of prejudice to the defendants is great, as the jury risks being confused by the different postures of the plaintiffs and different factual circumstances which may affect defendants' liability." [Doc. 53 at 4 in Case No. 3:08-cv-406]. The same holds true today. In fact, discovery has demonstrated that the medical histories of Mr. Hill and Ms. Brostean are quite different, and that such differences would confuse the jury if the cases were consolidated for trial.

Accordingly, plaintiff's Motion to Consolidate [Doc. 43 in Case No. 3:08-cv-295] is **DENIED**, whereby Case Nos. 3:08-cv-295 and 3:08-cv-406 remain consolidated only for discovery purposes.

**IT IS SO ORDERED**.


**ENTER:**


_____s/ Thomas W. Phillips_____
United States District Judge